**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5241-17T3

DARIO, ALBERT, METZ
& EYERMAN, LLC,

      Plaintiff-Appellant,

v.

RAUL F. TAVERAS,

      Defendant-Respondent.

_____

Submitted June 5, 2019 - Decided July 5, 2019

Before Judges Currier and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-004556-18.

Dario, Albert, Metz & Eyerman, LLC, attorneys for appellant (Patrick M. Metz, on the brief).

Raul F. Taveras, respondent pro se.

PER CURIAM

In this matter arising out of a fee dispute, the trial judge dismissed plaintiff Dario, Albert, Metz & Eyerman, LLC's complaint with prejudice, after a bench trial. During the trial, plaintiff's former client, defendant Raul Taveras, did not dispute receiving a pre-action notice advising him of the right to fee arbitration, nor did he raise it as a defense. Neither party mentioned the notice during the trial. The judge did not question the parties about the notice. Nevertheless, in his oral decision, the trial judge determined that plaintiff had failed to issue a pre-action notice detailing defendant's right to fee arbitration. Therefore, the judge dismissed the complaint under Rule 1:20A-6. Because we find the judge erred in raising an issue not presented by either party and without inquiring about the pre-action notice prior to ruling, we reverse.

Plaintiff agreed to represent defendant in a domestic violence dispute filed by defendant's landlord. At the time, plaintiff was also representing defendant in a personal injury action. The retainer agreement governing the domestic violence action provided that defendant would use the proceeds from a settlement in the personal injury action to pay plaintiff its fees. If defendant sought new counsel in the negligence case, a lien for plaintiff's fees would attach to any settlement.

A-5241-17T3

The domestic violence matter was dismissed on January 17, 2017, after defendant and his landlord negotiated civil restraints which included defendant reimbursing his landlord $1000 for damages.

The following day, plaintiff received a letter from a law firm (new firm), informing it that defendant had retained the firm to represent him in his personal injury matter.

On January 19, 2017, plaintiff sent defendant an invoice detailing the services provided by the firm in the domestic violence action. The invoice, totaling $4131.24, included the $1000 owed to defendant's landlord. Plaintiff also informed the new law firm of the fees defendant owed to plaintiff resulting from its representation of defendant in the domestic violence matter (the lien letter).

On November 30, 2017, plaintiff sent defendant a pre-action notice, pursuant to Rule 1:20A-6, via certified mail, return receipt, and regular mail, informing defendant that he owed plaintiff $4131.24. The notice stated defendant had violated the retainer agreement in failing to pay the owed fees and, consequently, plaintiff could take legal action. The notice also advised defendant of his right to request fee arbitration, and the procedure and timeframe

A-5241-17T3

for doing so. After defendant failed to claim the certified mail, it was sent back to plaintiff. The regular mail was not returned.

In March 2018, plaintiff filed a complaint in the Special Civil Part against defendant, seeking the unpaid counsel fees. Defendant answered the complaint, and asserted a counterclaim that plaintiff committed legal malpractice in its handling of the domestic violence action. Neither party mentioned the pre-action notice in its pleading.

During the bench trial, plaintiff[1] introduced into evidence its retainer agreement, the order of dismissal in the domestic violence action including the agreement to pay the landlord $1000, the invoice and billing entries for its services to defendant, and the lien letter sent to the new firm. Defendant supported his allegations of legal malpractice by contending he signed the consent agreement with his landlord under duress. Plaintiff did not refer to the pre-action notice, defendant did not raise it in his defense, and the trial judge did not inquire whether the notice had been sent or received.

At the conclusion of the proofs, the trial judge issued an oral decision. After reviewing the evidence, he determined that plaintiff had performed work

---

[1] Plaintiff was represented by a partner of the firm, not the same lawyer who represented defendant in the two actions.

A-5241-17T3

for defendant. The judge also found defendant was not "credible, believable, [or] reasonable," describing his testimony as making "no sense what so ever." The judge further concluded that defendant was not under duress to sign the January 2017 agreement with his landlord.

The judge then stated: "There is no letter [as required] under Rule 1:20A-6 on a fee collection case advising the client of [his] right to arbitration. It was not offered. . . . And for that reason I am entering a judgment in favor of . . . defendant and against . . . plaintiff." The June 26, 2018 order dismissed the complaint with prejudice.

Following the filing of plaintiff's appeal, the trial judge submitted a letter to supplement the record under Rule 2:5-1(b). He reiterated that he found plaintiff had not provided the pre-action notice as required under Rule 1:20A-6. The judge determined he was compelled to dismiss the complaint because there was no evidence before him that plaintiff had complied with the rule.

Our review of a trial court's determinations following a non-jury trial is a limited one. Petrozzi v. City of Ocean City, 433 N.J. Super. 290, 316 (App. Div. 2013) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We must "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg

v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms, 65 N.J. at 483-84). However, we owe no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The trial judge dismissed plaintiff's complaint with prejudice after determining plaintiff had failed to comply with Rule 1:20A-6. The rule provides:

> No lawsuit to recover a fee may be filed until the expiration of the 30 day period herein giving [p]re-[a]ction [n]otice to a client . . . . Pre-[a]ction [n]otice shall be given in writing, which shall be sent by certified mail and regular mail to the last known address of the client . . . and which shall contain the name, address and telephone number of the current secretary of the Fee Committee in a district where the lawyer maintains an office . . . . The notice shall specifically advise the client of the right to request fee arbitration[;] . . . the notice shall also state that if the client does not promptly communicate with the Fee Committee secretary and file the approved form of request for fee arbitration within 30 days after receiving pre-action notice by the lawyer, the client shall lose the right to initiate fee arbitration. The attorney's complaint shall allege the giving of the notice required by this rule or it shall be dismissed.

Plaintiff properly served the pre-action notice on defendant and complied with every detail of the rule except for indicating in its complaint that it had given such notice. Although defendant did not claim the certified mail, the

6

regular mail was not returned. Consequently, defendant is deemed to have been served with the pre-action notice.[2] See R. 6:2-3(d)(4) (prescribing that even "if the certified mail is returned to the court marked 'unclaimed' . . . service is effective provided that the ordinary mail has not been returned"). Whether plaintiff complied with Rule 1:20A-6 was not an issue in this case. Neither party raised it during the trial. The judge questioned both parties extensively during this bench trial. If the judge felt the pre-action letter was pivotal to his determination, he should have inquired whether the appropriate letter was sent.

Furthermore, Rule 1:20A-6 does not require a trial court to dismiss a plaintiff's complaint with prejudice in the event of non-compliance. See Chalom v. Benesh, 234 N.J. Super. 248, 261 (Law Div. 1989) (holding that a plaintiff who submits a complaint that fails to comply with Rule 1:20A-6 should be afforded the opportunity to amend it).

Our Supreme Court has stated that "[b]ecause the dismissal of a plaintiff's cause of action with prejudice is a drastic remedy, it should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces 'a deliberate and contumacious disregard of the court's authority.'" Gonzalez v.

---

[2] In his appellate brief, defendant does not dispute he was served with the pre-action letter.

<u>Safe & Sound Sec. Corp.</u>, 185 N.J. 100, 115 (2005) (quoting <u>Kosmowski v. Atl. City Med. Ctr.</u>, 175 N.J. 568, 575 (2003)).

Here, plaintiff notified defendant of his right to fee arbitration in a timely manner. Defendant has not contested service of the letter, and did not request or pursue fee arbitration thereafter. The court could have employed the lesser sanction of dismissing the complaint without prejudice, permitting plaintiff the opportunity to amend the pleading to comply with the rule. It was error to dismiss the complaint with prejudice.

As stated, we are satisfied that plaintiff complied with <u>Rule</u> 1:20A-6 and that defendant was served with the pre-action letter. We defer to the judge's determinations regarding the parties' credibility and his conclusion that plaintiff provided legal services to defendant. However, based on the judge's ultimate conclusion that plaintiff had not complied with <u>Rule</u> 1:20A-6, he did not make a finding as to the amount of monies owed by defendant for plaintiff's legal services. Therefore, we remand to the trial court solely for that determination. We are confident the judge can make that decision based on the evidence admitted and reviewed by him at trial.

A-5241-17T3

We reverse and vacate the order of dismissal with prejudice and remand to the trial court for a determination, and entry of judgment, on the amount owed to plaintiff.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5241-17T3